The defendant in this case, Weber, entered into a written lease with the complainant, Health Products Corporation, for the premises situated at 10-12 Washington avenue, Irvington, New Jersey, for a period of three years, commencing October 1st, 1924, and in the lease inserted an option clause to sell the adjoining half of the premises, 14-16 Washington avenue, to the complainant, at a price "not exceeding $60,000, within a period of three years from the date of the lease." At the time of the execution of the lease Weber occupied 10-12 as a storage warehouse, and agreed to continue his occupation so that he could give immediate possession of the adjoining premises when the complainant exercised its option to purchase.
The written lease was recorded. Weber, about the middle of October, permitted one Ignatz Haber to enter into partial possession of the premises without notice. Thereupon, the complainant made an application for a preliminary injunction. Weber has not filed an answer. Haber alone defends.
On October 28th, 1924, complainant notified Weber of its intention to exercise the option. The sum of $22,723.06 has been deposited with the clerk in chancery in payment of the purchase price above the mortgage encumbrances, and a demand has been made for a proper deed to the property.
The question presented to me is whether the preliminary injunction shall continue until final hearing, or whether it shall be dismissed. As I view it, it is discretionary with the court to grant a dismissal of the injunction or to hold the matter until final hearing.
I have carefully read the briefs of the complainant and defendant in this matter, and I am satisfied that there is enough in the matter to justify me in holding the case until final hearing.
I shall therefore advise that the temporary injunction in this matter be continued until the final hearing. *Page 161